UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| DAMIAN T., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,[1] <br><br> Defendant. | §§§§§§§§§§§§§ NO. EP-23-CV-00012-LS |

## MEMORANDUM OPINION AND ORDER

Plaintiff appeals the denial of his application for supplemental security income. I **AFFIRM** the Commissioner's decision.

**I.  Facts and Proceedings.**

Plaintiff alleges he became disabled on September 1, 2016[2] because of "Schizophrenia, Bipolar, Anxiety, Epilepsy, Depression, and Vision Loss."[3] An SSA Administrative Law Judge ("ALJ") held a hearing on May 10, 2022 and heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[4] In an opinion dated July 29, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act.[5] The Appeals Council denied his request for review on December 1, 2022, making the decision of the ALJ the final decision of the Commissioner.[6] Plaintiff argues in this appeal that the ALJ erred when evaluating

---

[1] "SSA."
[2] R:264.
[3] R:301.
[4] R:44-76.
[5] R:22-36.
[6] R:7-10.

the side effects of Plaintiff's medication and his ability to interact with supervisors. I affirm the Commissioner's decision.

## II.     Discussion.

### A.     Legal Standards.

Judicial review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole; and (2) whether the Commissioner applied the proper legal standard.[7] Substantial evidence "is more than a mere scintilla and less than a preponderance."[8] The Commissioner's findings will be upheld if supported by substantial evidence.[9] In evaluating a disability claim, the Commissioner must follow a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant can perform other relevant work.[10]

Courts utilize four elements of proof to determine whether there is substantial evidence of disability: (1) objective medical evidence; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history.[11] A court cannot, however, reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's.[12] The Commissioner, not the courts,

---

[7] *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).
[8] *Hill v. Berryhill*, 718 F. App'x 250, 253-54 (5th Cir. 2018) (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th 2002)).
[9] *Masterson*, 309 F.3d at 272.
[10] 20 C.F.R. § 416.920; *Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001).
[11] *Perez*, 415 F.3d at 462.
[12] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

must resolve conflicts in the evidence.[13] Finally, even if there is error at the ALJ level, remand to the SSA is warranted only if the error was harmful.[14] The Plaintiff's burden is to show that the ALJ's "error was prejudicial."[15]

### B. Residual Functional Capacity.

Residual functional capacity, or RFC, is the most an individual can still do despite his or her limitations.[16] The responsibility for determining a claimant's RFC belongs to the ALJ.[17] The ALJ must consider a claimant's abilities despite his or her physical and mental limitations based on the relevant evidence in the record.[18] The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms.[19] An RFC finding is used to determine if the claimant can still do his or her past jobs.[20] If the claimant cannot, the RFC is then used to determine whether the claimant can do other jobs in the national economy.[21]

### C. The ALJ's Findings.

In this case, the ALJ found that Plaintiff had the following severe impairments: "schizoaffective disorder bipolar type; major depressive disorder; anxiety disorder; alcoholic encephalopathy."[22] They were not, however, individually or in combination severe enough to meet or equal an impairment listed in the appendix to the regulations.[23] The ALJ found that Plaintiff can

---

[13] *Id*.
[14] *Miller v. Kijakazi*, 2023 U.S. App. LEXIS 1118, at *8 (5th Cir. Jan. 18, 2023), citing *Shinseki v. Sanders*, 556 U.S. 396, 407-08, 129 S. Ct. 1696, 173 L. Ed. 2d 532 (2009).
[15] *Id*., citing *Jones v. Astrue*, 691 F.3d 730, 734 (5th Cir. 2012) (footnote omitted).
[16] 20 C.F.R. § 416.945(a)(1).
[17] *Id*. at § 416.946(c); *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).
[18] *Perez*, 415 F.3d at 461-62.
[19] *See* 20 C.F.R. § 416.929(d)(4), 416.945(a)(2).
[20] *Perez*, 415 F.3d at 462; 20 C.F.R. § 416.920(e).
[21] *Id*.
[22] R:24.
[23] R:26.

perform a full range of work at all exertional levels if he is "limited to understanding, remember[ing], and carrying out simple tasks; limited to occasional changes in the work setting; he cannot perform work requiring a specific production rate (such as assembly line work); and he is limited to occasional interaction with the public and co-workers."[24] Although at forty-three years-old Plaintiff had never worked,[25] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform."[26] Accordingly, the ALJ found Plaintiff not disabled and not entitled to supplemental security income.[27]

### D.    Plaintiff's medication side effects.

Plaintiff argues that the ALJ "did not address Plaintiff's side effects" from medication.[28] Plaintiff stated during his hearing that his medications were effective but he gets tired, loses energy, and gets dizzy.[29] He later explained that the dizziness and side effects occur "when [he] wake[s] up really fast" and that he "lay[s] down a couple of times a day" for "an hour or two" while he watches television in bed.[30]

The ALJ's decision explains in the detail the results of 31 medical and/or mental examinations, culminating in the ALJ's conclusion that "the record is replete with claimant's own admissions that medication provided benefits and/or stability, which corresponds to the effectiveness of medication."[31] The ALJ specifically noted, with respect to Plaintiff's endurance and activity levels, that he played basketball twice per day,[32] worked in the yard with his father,[33]

---

[24] R:27-34.
[25] R:34.
[26] R:35.
[27] R:35-36.
[28] Doc. No. 12, at 11.
[29] R:58.
[30] R:65-66.
[31] R:32.
[32] R:32, citing R:860.
[33] *Id.*, citing R:1090.

4

and rides horses.[34] The ALJ noted that at forty-three years old and having never worked, Plaintiff repeatedly complained of boredom[35] and laziness[36] and spent most of his days watching television.[37] The ALJ specifically noted that Plaintiff's "boredom and lack of motivation" results from Plaintiff living on a farm in a remote area.[38]

Finally, the ALJ's decision explains that Plaintiff's later medical records reflect he "denied side effects from his medication" in June 2021,[39] "stated he had been doing really well and he appeared with good energy" in July 2021,[40] and denied medication side effects in August 2021.[41]

In sum, the ALJ inquired about Plaintiff's medication side effects during the hearing, noted in his decision the absence of any such side effects in Plaintiff's latest medical records, and explained that Plaintiff's lethargy, if any, was situationally rooted. There is no error with respect to the ALJ's treatment of Plaintiff's alleged medicinal side effects, if any.

**E. Interaction with supervisors.**

The ALJ's RFC restricts Plaintiff to only occasional interaction with the public and co-workers. Plaintiff argues that "co-workers" should have been expanded to include supervisors as well. A psychologist, however, opined that Plaintiff was "not significantly limited" in his "ability to accept instructions and respond appropriately to criticism from supervisors."[42] Substantial evidence supports the ALJ's RFC determination.

---

[34] *Id.*, citing R:1169.
[35] R:1479.
[36] R:860.
[37] R:1345.
[38] R:33.
[39] R:31, citing R:1337.
[40] *Id.*, citing R:1355.
[41] *Id.*, citing R:1372.
[42] R:108.

**Conclusion.**

Substantial evidence supports the ALJ's determination and I find no legal error. Accordingly, the Commissioner's decision is **AFFIRMED.**

**SIGNED** and **ENTERED** March 31, 2024.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**